ORIGINAL

FILED
2011 JAN 24 PM 4:00
CLERK US...
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IAN JAMES FARIAS, an individual,

    Plaintiff,

vs.

CITY OF CALEXICO, a municipal entity, CALEXICO POLICE DEPARTMENT, JAMES LEE NEUHAHR, an individual, MARIO ALCARAZ, an individual, and Does 1-10, inclusive,

    Defendants.

Case No: '11 CV0144 L NLS

COMPLAINT,
REQUEST FOR RELIEF,
AND DEMAND FOR JURY TRIAL

42 U.S.C. §§ 1983, 1988

## COMPLAINT

COME NOW Plaintiff, Ian James Farias, by and through their undersigned counsel, requests a jury trial and complains of Defendants as follows:

## THE PARTIES

1. Plaintiff Ian James Farias is a natural person and a citizen and at all times relevant was a resident of the City of Calexico, State of California, and a citizen of the United States of America.

2. Defendant City of Calexico is, at all times relevant, a municipality duly organized under the laws of the State of California. At all relevant times, the Defendant Calexico Police Department was a branch or agency of the City.

3. Defendant James Lee Neujahr is the Chief of Police for the Calexico, and as such, he is responsible for formulating, executing, and administering the City of Calexico's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiff. Defendant Neujahr is sued in both his individual and official capacities.

4. Defendant Mario Alcaraz, is an officer for the City of Calexico's Police Department, and as such, he is responsible for executing and administering the City of Calexico's laws, customs, practices, and policies at issue in this lawsuit; has enforced the challenged laws, customs, and practices against plaintiff, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant Alcaraz is sued in both his individual and official capacities.

5. These Defendants, and DOES 1-10, were agents, servants and employees of each other, of the other named Defendants, and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants and each of the Defendants had approved or ratified the actions of the other Defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1343, 2201, 2202 and 42 U.S.C. § 1983.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

8. On or about January 28, 2010, Farias was traveling in his vehicle when he was stopped by Defendant Alcaraz, for an alleged traffic violation.

9. At the time Farias was stopped, he was lawfully transporting an unloaded shotgun in the rear of his vehicle.

10. During the stop, Alcaraz learned of the firearm in the rear of Farias' vehicle and arrested Farias for an alleged violation of Penal Code section 12025(a)(1). See **Exhibit A**.

11. At the time of Farias' arrest, Penal Code section 12025(a)(1) stated: "A person is guilty of carrying a concealed firearm when he or she does any of the following: Carries *concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.*"

12. At the time of Farias' arrest, the term "any pistol, revolver, or other firearm capable of being concealed upon the person" was the statutory definition of "handgun." Penal Code section 12001(a)(2).

13. The shotgun found within Farias' vehicle was not concealed.

14. The shotgun found within Farias' vehicle was not a "handgun."

15. At the time of Farias' arrest, the California Department of Justice – Bureau of Firearms published on their website a statement expressly denouncing the general applicability of Penal Code section 12025 to shotguns, stating:

TRAVELING WITH FIREARMS IN CALIFORNIA

\* \* \*

SHOTGUNS AND RIFLES

Nonconcealable firearms (rifles and shotguns) are not generally covered within the provisions of California Penal Code section 12025 and therefore are not required to be transported in a locked container. However, as with any firearm, nonconcealable firearms must be unloaded while they are being transported. . . .

1. (See http://www.ag.ca.gov/firearms/travel.php.)
2. 16. The California Department of Justice – Bureau of Firearms also publishes the California Firearms Laws Booklet, which includes a chapter on "Possession and Transportation of Concealed Weapons" that discusses Penal Code section 12025 in its subsection entitled "Carrying a Concealed *Handgun* Without License on One's Person or Concealed in a Vehicle." (Emphasis added.) (http://ag.ca.gov/firearms/forms/pdf/Cfl2007.pdf.).
3. 17. Alcaraz grabbed, handcuffed, and searched Farias' person and vehicle.
4. 18. Alcaraz transported Farias to the Police Department where he Farias was charged with Violation of Penal Code section 12025(a)(1).
5. 19. Farias was not charged with any traffic violations.
6. 20. During his entire detention and arrest, Farias complied with all Defendants' commands without incident.
7. 21. Defendants were either inadequately trained and instructed as to the definition of "handgun," or ignored the longstanding interpretation of the Penal Code section Penal Code section 12025(a)(1) on the Department of Justice's website, which publicly clarified that Penal Code section 12025 does not apply to standard length shotguns.
8. 22. Defendants' failure to train, instruct, and comply with the longstanding interpretation of the term "handgun" amounts to deliberate indifference to the rights of persons with whom the police come into contact, including Plaintiff.
9. 23. Plaintiff never consented to having his being grabbed, handcuffed, disarmed, detained, arrested, and his person and property seized and transported to the City of Calexico's Police Department Headquarters.
10. 24. Defendants had no search warrant authorizing them to search Plaintiff's person.
11. 25. Defendants had no reason for seizing Plaintiff's property or his person. Because California law allows individuals to transport unloaded shotguns —and Plaintiff had done nothing to arouse suspicion, create tumult or endanger anyone's well-being—there were no articulable facts to indicate either criminal activity or a threat to safety.
12. 26. At no time during the incident did any Defendant reasonably believe that Plaintiff was

violating any law of the United States, the State of California, or the City of Calexico.

27. Defendants have and continue to engage in a pattern and practice of violating the Constitutional rights of those who celebrate the right to keep and bear arms guaranteed by the Second Amendment through speech and expressive conduct, including Plaintiff.

28. At all times material hereto, Defendants were acting under the color of state law.

29. At all times material hereto, the officers were acting as police officers for the Calexico Police Department and the City of Calexico.

30. At all times material hereto, Defendants were acting in concert with each other.

31. As a direct result of Defendants' conduct, Farias incurred legal fees and costs and lost pre-existing contractual career opportunities with the United States Navy.

32. Defendants were made aware of Farias' career opportunities, but failed to resolve the underlying false arrest arrest in a timely manner, causing Farias to lose his existing contract with the United States Navy.

33. On or about September 3, 2010, nearly eight months after his initial arrest, the Calexico Police Department signed Farias' Petition to Seal and Destroy Arrest Records pursuant to Penal Code section 851.8(a), which includes a determination by the Calexico Police Department that Farias "factually innocent." (**Exhibit B**.)

34. Due to the false arrest, the delay in determining whether to file any charges, and the delay in issuing a factual finding of innocence, Farias lost his contract with the Navy.

## COUNT I
### Unlawful Arrest and Unreasonable Search and Seizure
### Brought under 42 U.S.C. §1983

35. Paragraphs 1 through 34 are incorporated as though fully stated herein.

36. At all times on that evening, Plaintiff acted in accordance with all firearm statutes and ordinances.

37. At no time did Defendants attempt to make a reasonable inquiry as to whether Defendant's firearm was a "handgun."

38. During the encounter with Plaintiff, Defendants never had a reasonable belief that Plaintiff

was engaged in criminal activity, that Plaintiff had committed a crime, or that Plaintiff was about to commit a crime.

39. During the encounter with Plaintiff, and without probable cause, Defendants seized Plaintiff, searched Plaintiff, handcuffed him, disarmed him, harassed him, transported him to the City of Calexico's Police Headquarters, and held him until Farias paid his bail.

40. During the encounter with Plaintiff, Defendants searched Plaintiff without reasonable suspicion of a crime having taken place and without probable cause to justify the search or seizure.

41. Defendants' actions during the encounter violated Plaintiff's rights protected by the United States Constitution, including the First, Fourth, Eighth, and Fourteenth Amendments.

42. Defendants' actions during the encounter violated Plaintiff's rights, including those protected by Article 1, Sections 1, 2, and 13 of the California Constitution.

43. As a direct and proximate result of Defendants' actions, Plaintiff has suffered compensable damages in an amount to be determined at trial.

## COUNT II
### Failure to Properly Train & Supervise
### Brought under 42 U.S.C. §1983

44. Paragraphs 1 through 34 and 36 through 43, are incorporated as though fully stated herein.

45. Defendants, as a matter of custom, practice, and policy failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

46. Defendants failed to provide adequate training to police officers that hold the power, authority, insignia, equipment and arms entrusted to them.

47. Defendants failed to promulgate and enforce adequate policies and procedures related to alternatives to verifying whether a firearm carried openly is unloaded.

48. Said custom, practice, and policy included a failure to adequately investigate, supervise, and

discipline offending officers, which fostered the custom, practice, and policy within the Calexico Police Department, which resulted in the above pled facts.

49. Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

50. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the right of Plaintiff and others in his position.

51. The lack of adequate training as to the officers in this case caused Plaintiff's damages.

## PRAYER

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order permanently enjoining defendants, their officers, agents, servants employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from detaining or arresting anyone pursuant to Penal Code section 12025(a)(1) (or its correlating revised section number, Penal Code section 25400) for carrying an unloaded shotgun that does not meet the definition of "handgun" in a vehicle, absent reasonable articulable suspicion or probable cause that a crime has occurred or is about to occur;

2. An order compelling Defendants, to train and instruct their officers, agents, servants employees, and all persons in active concert or participation with them as to both the terms of any injunction issued as a result of this case and as to the legal definition of the term "handgun" as it applies to California Penal Code section 12025 (or its correlating revised section number, Penal Code section 25400).

3. Declaratory relief consistent with the injunction, including a declaration that Defendants violated Plaintiff's Constitutional rights, including his First, Fourth, Eighth, and Fourteenth Amendment rights, by detaining him and seizing his person and his firearm without probable cause to believe that his firearm was contraband or evidence of any crime;

4. Award Plaintiff compensatory and incidental damages for Defendants' false arrest of Plaintiff and seizing of Plaintiff's property;

5. Award Plaintiff punitive damages to protect the peaceable exercise and enjoyment of the right or rights secured;

6. Award Plaintiff costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988; and

7. Any other further relief as the Court deems just and appropriate to protect the peaceable exercise or enjoyment of the right or rights secured.

Date: January 24, 2011

Respectfully submitted,

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel: 949.310.0817/Fax: 949.288.6894
E-Mail: Jason@CalGunLawyers.com

By: _____
Jason A. Davis,
Attorneys for Plaintiff

**EXHIBIT A**

# IMPERIAL COUNTY SHERIFF'S OFFICE
## BOOKING APPLICATION

PROPERTY BAG #: _____
ARRESTING AGENCY: _____
DATE OF ARREST: _____
TIME OF ARREST: _____
DATE AND TIME BOOKED: _____
BAIL $: _____

F.B.I. #: _____
C.I.I. #: _____

**PLEASE PRINT OR TYPE**

ID NUMBER: _____
BOOKING NUMBER: _____
R-FILE NUMBER: _____
C.R. NUMBER: _____
DRIVERS LIC: _____
SOCIAL SECURITY: _____

| LAST | FIRST | MIDDLE | AKA |
|---|---|---|---|
| | | | |

| | 1st Case/Charge | 2nd Case/Charge | 3rd Case/Charge |
|---|---|---|---|
| CODE SECTION: | | | |
| DEFINITION: | | | |
| WARRANT/CASE #: | | | |
| COURT: | | | |

| | 4th Case/Charge | 5th Case/Charge | 6th Case/Charge |
|---|---|---|---|
| CODE SECTION: | | | |
| DEFINITION: | | | |
| WARRANT/CASE #: | | | |
| COURT: | | | |

LOCATION OF ARREST _____    LOCATION OF VEHICLE _____

| D.O.B. | AGE | HEIGHT | WEIGHT | HAIR | EYES | RACE | SEX | MARITAL STATUS |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Mar. __ Sin. ✓ Div. __ Wid. __ Sep. __ |

Place of Birth _____    TIME LIVING IN: COUNTY ___ STATE ___ U.S.A. ___    # OF DEPENDENTS _____

Scars, Marks, Tattoos: (Describe) _____

Residence Address: _____ City _____ State _____ How Long _____ Res. Telephone _____
Occupation: _____ Employer _____ Address _____ How Long _____ Telephone _____
In Case of Emergency Notify: _____ Relationship _____ Address _____ Telephone _____

### WARRANTS CHECK
Date In: LOCALS: ___ DMV: ___ WPS: ___ NCIC: ___ Initials: ___

☐ I.N.S. HOLD

### FEDERAL INFORMATION
Fed. ID #: _____
A: _____

Currency: $_____    Remarks: _____

**PLEASE PRINT CLEARLY!!**

Arresting Officer _____    Transporting Officer _____    Intake Control _____    Booking Officer/Clerk (Entered in System) _____

Distribution: Records-(White), I.N.S/B.P (Green), Medical(Canary), Inmate (Pink), Arresting Agency(Goldenrod)

2-12 Booking Application Revised 7/96 E.T. (5 Part)

EXHIBIT B

State of California  
Record Management/Record Sealing Unit  
FORM BCII 8270 (Rev. 7/08)

Department of Justice

Record Sealing Unit  
P.O. Box 903417, Sacramento, CA 94203-4170

## PETITION TO SEAL AND DESTROY ADULT ARREST RECORDS (Penal Code 851.8)

*Print or Type required Information*

| FULL NAME OF PETITIONER | Last | First | Middle |
|---|---|---|---|
| | Farias | Ian | James |

| ALIASES | Date of Birth | DRIVER LICENSE NUMBER | SOCIAL SECURITY (OPTIONAL) |
|---|---|---|---|
| | 5/27/90 | TX 29000810 | 624368935 |

| STREET NUMBER | STREET NAME | APARTMENT OR UNIT NUMBER |
|---|---|---|
| 1215 | Sterling Ave. | |

| CITY | COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| Calexico | Imperial County | CA | 92231 |

| DATE(S) OF ARREST | NAME OF ARRESTING AGENCY | AGENCY CASE NUMBER | CHARGE(S) | DISPOSITION |
|---|---|---|---|---|
| 1-28-10 | Calexico Police Dept | 10-0388 | PC12025(a)(1) | DA Declined |

SIGNATURE OF PETITIONER: [signed]  
DATE: 05/19/2010

### SECTION TO BE COMPLETED BY LAW ENFORCEMENT AGENCY/COURT WITH JURISDICTION FOR OFFENSE(S)

I have verified the above information to be accurate.

SIGNATURE OF AGENCY OR COURT OFFICER: [signed]  
DATE: 9/3/10

NAME OF LAW ENFORCEMENT AGENCY OR COURT: JESUS J. SERRANO  
LAW ENFORCEMENT AGENCY CASE NUMBER OR COURT CASE NUMBER: 10-0388

CII NUMBER OF PETITIONER:  
FBI NUMBER OF PETITIONER:

### SECTION TO BE COMPLETED BY LAW ENFORCEMENT AGENCY (851.8(a) PC)

[X] PETITION GRANTED   [ ] PETITION DENIED

PRINT OR TYPE NAME OF AGENCY: CALEXICO POLICE DEPT.  
DATE: 9/3/10

SIGNATURE OF AGENCY: [signed]  
DATE: 9/3/10

### SECTION TO BE COMPLETED BY COURT OF JURISDICTION (851.8 (b), (c), or (d) PC)

[ ] PETITION GRANTED   [ ] PETITION DENIED

PRINT NAME OF JUDGE:  
DATE:

SIGNATURE OF JUDGE:

### WAIVER: TIME RESTRICTION ON FILING WAIVED (851.8 (I) PC)

PRINT NAME OF AGENCY OFFICER OR JUDGE:  
DATE:

SIGNATURE OF AGENCY OFFICER OR JUDGE:

Distribution: Department of Justice, Record Sealing Unit, PO Box 903417, Sacramento, CA 94203-4170  
District Attorney  
Petitioner

(SEE REVERSE SIDE FOR MORE INFORMATION ON PENAL CODE § 851.8)

ORIGINAL

## CIVIL COVER SHEET

FILED 2011 JAN 24 PM 3: 59
CLERK US...
...DEPUTY

%JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
IAN JAMES FARIAS

**DEFENDANTS**
CITY OF CALEXICO, CALEXICO POLICE DEPARTMENT, JAMES LEE NEUHAHR, MARIO ALCARAZ, DOES 1-10

(b) County of Residence of First Listed Plaintiff: **Imperial County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Imperial County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Davis & Associates, 27281 Las Ramblas, Ste 200, Mission Viejo, CA 92691. 949-310-0817

Attorneys (If Known) **'11 CV 0144 L NLS**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. ss 1983, 1988**
Brief description of cause:
**Defendants Violated Plaintiff's Constitutional Rights. Unlawful Arrest, Search, & Seizure.**

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/24/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # **22388**  AMOUNT **$350**  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
01-24-11

[Print] [Save As] [Export as PDF] [Print] [Reset]



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS022388
Cashier ID: nsiefken
Transaction Date: 01/24/2011
Payer Name: KNOX ATTORNEY SERVICES
----------------------------------
CIVIL FILING FEE
 For: IAN FARIAS V CITY OF CELEXICO
 Case/Party: D-CAS-3-11-CV-000144-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2345
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```